# EXHIBIT 1

```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF RHODE ISLAND



 * * * * * * * * * * * * * 17-CR-99-WES
                           *
 UNITED STATES OF AMERICA  *
                           *
         VS.               * JUNE 15, 2022
                           *
 FRANCIS SCOTT             *
                           *
 * * * * * * * * * * * * * PROVIDENCE, RI




             BEFORE THE HONORABLE WILLIAM E. SMITH

                          DISTRICT JUDGE

                    (Change of Plea Hearing)




 APPEARANCES:

 FOR THE GOVERNMENT:        DENISE M. BARTON, AUSA
                            U.S. Attorney's Office
                            One Financial Plaza, 17th Floor
                            Providence, RI  02903

 FOR THE DEFENDANT:         NOAH J. KILROY, ESQ.
                            Kilroy Law Firm
                            127 Dorrance Street
                            Providence, RI  02903

 Court Reporter:            Denise P. Veitch, RPR
                            One Exchange Terrace
                            Providence, RI  02903
```

1   offenses, if you're convicted you give up valuable
2   civil rights such as the right to vote, right to hold
3   public office, to serve on a jury, to possess a
4   firearm.  Do you understand you could lose those civil
5   rights as a result of a felony conviction?
6           THE DEFENDANT:  Yes, your Honor.
7           THE COURT:  And you understand, as Ms. Barton
8   just alluded to, that one of the requirements of the
9   law and the conditions of supervised release in this
10  case would be that you register as a sex offender in
11  the place where you live or you work and that will be
12  an obligation that will be with you for likely the rest
13  of your life.  Do you understand that?
14          THE DEFENDANT:  Yes, sir.  Yes, your Honor.
15          THE COURT:  All right.  Now you can sit down and
16  Ms. Barton will --
17          MS. BARTON:  And your Honor, I just have to
18  advise Mr. Kilroy of one change in the statement of
19  facts that we've discussed yesterday.
20          THE COURT:  All right.
21          (Attorneys confer)
22          MS. BARTON:  Thank you.
23          Thank you, your Honor.  As to Counts I,
24  (verbatim) the charges of sexual exploitation of a
25  minor, in violation of 18 USC 2251(a), the elements as

     to each count are, first, that the Defendant employed, used, persuaded, induced, enticed, or coerced each of the named victims in this Indictment, being named as Minor Victim #1 and Minor Victim #2, to take part in sexually-explicit conduct for the purpose of producing a visual depiction of such conduct.  Sexually-explicit conduct means actual or simulated sexual intercourse, masturbation or the lascivious exhibition of the anus, genitals or pubic area of any person; second element, at the time of the alleged offense the victim was under the age of 18 years; third, the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means.

     As to Count III, the possession of child pornography count, in violation of 18 USC 2252, the elements of that offense are that the Defendant knowingly possessed any computer, computer storage media, video image or matter that contained a visual depiction of a minor engaged in sexually-explicit conduct, with the same definition that I just stated; (2) the production of the visual depiction involved the use of a minor engaged in sexually-explicit conduct and the visual depiction was of such conduct; third, the Defendant knew the visual depiction was of or showed a

1  minor engaged in sexually-explicit conduct; and fourth,
2  the visual depiction was produced using materials which
3  had been shipped or transported in interstate or
4  foreign commerce by any means, including computer.
5      If this matter had proceeded to trial the
6  Government would have proven, in summary, beyond a
7  reasonable doubt as to Count I, that on or about
8  February 14th, 2017, the Defendant, Francis Scott, met
9  Minor Victim #1, whose initials are A.M.  She was then
10 15 years old.  He met her at a gas station in
11 Providence, Rhode Island.  Defendant, Francis Scott,
12 asked Minor Victim #1 if she wanted a ride in his car,
13 and Minor Victim #1 asked Francis Scott to take her
14 back to school.  After leaving the gas station area,
15 Defendant, Francis Scott, drove to a parking lot area,
16 not Minor Victim 1's school.  Once parked, Francis
17 Scott asked Minor Victim #1 to have sexual intercourse
18 with him, and she refused, telling him she was a virgin
19 and did not know how to have sexual intercourse.
20 Francis Scott then took Minor Victim 1's cellphone and
21 told her that he would not return it until she
22 performed oral sex on him.  Minor Victim #1 told him
23 that she did not know how to perform oral sex and again
24 asked him to take her to school.  Francis Scott then
25 asked Minor Victim #1 for a foot job.  He, meaning

1     Mr. Scott, then took his pants off.  Once
2     Minor Victim #1's socks were off, Defendant, Francis
3     Scott, made Minor Victim #1  place her feet on his
4     penis and he used her feet to masturbate until he
5     ejaculated on Minor Victim #1's feet, which Mr. Francis
6     Scott filmed with his cellular telephone, the Samsung
7     Galaxy Note, number 3-SM-N900T phone with an IMSI
8     number as listed in the Indictment ending in 0595.
9     I'll refer to this phone with other facts as the
10    Samsung Galaxy Note.  The Samsung Galaxy Note was
11    manufactured outside of the state of Rhode Island and
12    was mailed, shipped, or transported in or affecting
13    interstate or foreign commerce.  Prior to Mr. Francis
14    Scott using Minor Victim #1's feet to masturbate
15    himself, Minor Victim #1 told him that she was only
16    15 years old.
17            As to Count II, the second count alleging a
18    violation of sexual exploitation of a minor in
19    violation of 2251(a), on a date between approximately
20    October 1st, 2016, and not later than January 1, 2017,
21    Minor Victim #1 (verbatim), whose initials are K.E. --
22    she was then 17 years old -- accepted a ride from the
23    Defendant, Francis Scott, who she knew through Facebook
24    under the name Self Made.  Mr. Scott drove
25    Minor Victim #2 from one location in Central Falls to

1    her home, to another location.  Initially there were
2    two other passengers in the vehicle when she accepted
3    this ride from Mr. Scott.  During this ride Mr. Francis
4    Scott gave Minor Victim #2 an alcoholic beverage as he
5    was driving.  While Mr. Francis Scott was driving Minor
6    Victim #2 and the other passengers, Minor Victim #2
7    told Francis Scott and the other two passengers she was
8    excited to turn 18 years old in 2017, the following
9    year.  After dropping off the two other passengers,
10   Defendant Francis Scott gave Minor Victim #2 marijuana.
11   Thereafter Defendant Francis Scott asked Minor Victim
12   #2 for sexual intercourse and commented that she was
13   not going to get rides for free.  After Minor Victim #2
14   refused to have sexual intercourse with him, Francis
15   Scott asked her to perform oral sex on him, which she
16   also refused.  Thereafter Francis Scott removed Minor
17   Victim #2's shoes, placed her feet on his penis and
18   used Minor Victim #2's bare feet to masturbate to
19   ejaculation, all of which he filmed with his cellular
20   telephone, the same Samsung Galaxy Note I described as
21   to Count 1.  And, again, that Samsung Galaxy Note was
22   manufactured outside of the state of Rhode Island and
23   was mailed, shipped, or transported in or affecting
24   interstate or foreign commerce.
25            As to Count III, the charge of possession of

| | |
|---|---|
| 1 | child pornography, in violation of 18 USC 2252, on or |
| 2 | about a date unknown but not later than October 1, 2016 |
| 3 | and continuing through on or through February 22nd, |
| 4 | 2017, Defendant, Francis Scott, knowingly possessed the |
| 5 | Samsung Galaxy Note that I described in Counts I and |
| 6 | II, and that Samsung Galaxy Note contained visual |
| 7 | depictions, specifically videos, of minors engaged in |
| 8 | sexually-explicit conduct; and the visual depictions |
| 9 | were the videos that I've just described that were |
| 10 | created with Minor Victim #1 and Minor Victim #2.  The |
| 11 | production of the visual depictions involved the use of |
| 12 | minors, specifically Minor Victims #1 and #2, who were |
| 13 | ages 15 and 17, respectively, engaged in |
| 14 | sexually-explicit conduct and the visual depictions |
| 15 | were of that conduct.  The Defendant, Francis Scott, |
| 16 | knew that each of these visual depictions, the videos, |
| 17 | was of or showed the minors engaging in |
| 18 | sexually-explicit conduct, and the visual depictions, |
| 19 | the videos, were produced using materials which had |
| 20 | been mailed, shipped, or transported in interstate or |
| 21 | foreign commerce, specifically, the Samsung Galaxy |
| 22 | Note. |
| 23 |      That's the sum and substance of what would have |
| 24 | been proven. |
| 25 |      THE COURT:  Thank you, Ms. Barton. |

1           Mr. Scott, would you please stand up.  Now, did
2      you listen carefully to the facts that Ms. Barton
3      described as the facts that the Government would prove
4      if this case were to go to trial?
5           THE DEFENDANT:  Yes, your Honor.
6           THE COURT:  Do you agree those are the facts of
7      this case?
8           THE DEFENDANT:  Yes, your Honor.
9           THE COURT:  Is there anything that she said that
10     you think is incorrect or you disagree with for any
11     reason?
12          THE DEFENDANT:  No, your Honor.
13          THE COURT:  I'm going to ask you now how you
14     wish to plead to the charges against you, guilty or not
15     guilty.
16          THE DEFENDANT:  Guilty, your Honor.
17          THE COURT:  It is the finding of this Court in
18     the case of the United States v. Francis Scott that the
19     Defendant is fully competent and capable of entering an
20     informed plea, that the Defendant is aware of the
21     nature of the charges against him and the consequences
22     of his plea, and his plea of guilty is a knowing and
23     voluntary plea supported by an independent basis in
24     fact containing each of the essential elements of the
25     offense.  His plea is therefore accepted, and he's